Stewart, J.
We do not think there is any necessity for any further argument upon the propositions in this case. The action is brought to collect the assessment levied upon certain property in the village of Avondale to pay for the building of a sewer, established in a sewer district by the proper authorities of the village.
The defense, which is interposed to this claim of the village, is, that the parties who are sought to be assessed for the building of this sewer are already provided with local drainage.
That question, as was decided in the case of Wewell v. The City of Cincinnati, is a question of fact to be decided from the circumstances of each particular case. The court, in that case, declines to lay down any general rule by which the courts can be governed in the determination of that question.
But one thing they do decide, and that is, that the local drainage spoken of in section 2380 is not of necessity a system of drainage. We may, therefore, lay that question out of the ca3e, as to whether those parties are provided with a system of drainage. But are they provided with local drainage within the meaning of the statute?
The court, in the opinion, has afforded us considerable light upon the question as to what is meant by the use of the term “local drainage” in the statute. The language of section 2380, which is familiar to counsel, is that no lots shall be assessed for the construction of a street sewer or drain that do not need local drainage, or which are then *771 provided therewith; and we think that Wewell v. Cincinnati 45 Ohio St. 407, is the case which should govern us in the disposition of the case under consideration. Counsel have referred to other cases, one of them decided by the circuit court of the Toledo circuit, others by the Superior Court of this city. While it is true that in form the judgments of the Superior Court in the cases which were cited, one upon one side, and the other upon the other, were affirmed in the Supreme Court, we have no means of knowing the grounds upon which they were affirmed; but the Wewell case does lay down the law to govern us, and by that, as I have said before, we are bound.
Now, in that opinion, the court says that the local drainage with which those lots are provided, must be of such a character as to satisfy the statute; ordinary surface drainage will not be sufficient.
What is required to satisfy the statute? The dimensions, the mode of construction, the material used, the location, the outlet, the sanitary conditions, and as if that were not enough, the court says that there are other conditions which should be looked into to determine whether or not the sewer or drain is built substantially in conformity to the requirements of the statute.
Now, applying those tests to the sewer, which is claimed to provide the parties in this case with local drainage, it is undoubtedly true that at the time this sewer was built those parties had a right to build a sewer to carry off the sewage from their houses and from their lots, and there seems to have been no objection to parties in a southwesterly direction from the original pipe which was laid, connecting pipes with the sewer pipes, as they chose, and every man seems to have done as seemed best to him when he built his house; he connected where he pleased, and by whatever method seemed to him best. And if the conditions had remained the same in the village of Avondale, it is possible — and I say only possible — that might have been considered such answer as was contemplated by the statute, should be provided for the drainage of lots.
But the conditions have changed. What might have done in a territory very sparsely settled will not do in one that is thickly settled; and that is sufficiently shown in this case by the testimony as to the condition of the outlet of this sewer. It ran into this drain, which was said to drain an area of over one hundred acres of land, which is becoming more thickly populated every day, ran into what would *772 hardly be designated asa rivulet; and, as a consequence, we find that it stopped up until it became a nuisance, so that people riding along the road were annoyed by the stench arising from the flow of this sewer.
jDrausin Wulsin, for Plaintiff.
Q. D. Robertson, Joseph Qox and Q. W. Merrill, for Defendants.
Certainly it is not contemplated by the statute that the building of a sewer is simply to get rid of what is on a man’s lot by pouring it on to somebody else’s. It is to conduct away the sewage from the houses and lots so as to protect the citizens, the public generally, of the village, from the evil effects arising from the presence of sewage in and upon the lots. That I have a sewer ample to take off of my lot all that is offensive to me, and dump it on my neighbor, is not the part of a good citizen, nor is it complying with the requirements of the statute in our judgment. The local drainage which is meant by sec. 2380, in our judgment, is such a sewer, or such a system of sewers, as looking to the dimensions, the mode of construction, the material used, the location for the outlet and the sanitary conditions — I say such as will not only benefit the persons who have constructed the sewer, but will not be detrimental to the rights of the public, not only of the present public, but of those who may, and who of right may, build in the vicinity where the sewer is built.
Now, I agree with Judge Robertson that the question of the connection and disconnection of the sewer system of the city, may be dismissed from the case, but for an entirely different reason: The testimony satisfies us that the city never intended to make this sewer a part of its sewer system; that what it did, it did because it was compelled to do, first, by the board of health to abbate a nuisance; and second by the mandatory order of the court. It therefore cannot be said that the city ever adopted this as a part of its sewer system. This plan which was adopted by the city, was adopted, as is very apparent, with an utter disregard of this sewer, and without any intention of employing it for the purpose of draining the neighborhood. And we are therefore of the opinion that within the definition, as given in the case of Wewell v. Cincinnati, of what constitutes local drainage, these lots were not supplied with local drainage, and that a decree may be entered thereby.
Shauck and Shearer, JJ., concur.